# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:20-cv-000163-RJC
# (3:15-cr-00121-RJC-DSC-29)

| | |
|---|---|
| JORGE SOSA, | ) |
| Petitioner, | ) |
| vs. | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court on Petitioner's "Motion For Reconsideration Pursuant to FRCVP 59(e)." [CV Doc. 8].[1]

Petitioner Jorge Sosa ("Petitioner") is a member of the street gang La Mara Salvatrucha, or MS-13. United States v. Zelaya, 908 F.3d 920, 924 (4th Cir. 2018). MS-13, formed in the 1980s by Salvadoran immigrants to Los Angeles for protection against rival street gangs, "has grown into a violent organization with active 'cliques,' or local chapters with varying levels of autonomy, operating throughout the United States and several Central American countries." Id. at 924. "MS-13 cliques may extort local businesses or drug dealers, participate in international narcotics trafficking, and remit funds to gang leadership in El Salvador." Id. Petitioner was a member of an MS-13 clique in or around Charlotte, North Carolina, called Charlotte Locotes. Id.

On the evening of June 30, 2013, Petitioner and his cousin Tomas Maradiaga were involved in the shooting of two non-gang members over an unpaid tab for drinks. Petitioner and Maradiaga

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:20-cv-00163-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:15-cr-00121-RJC-DSC-29.

were at a liquor house that night. [CR Doc. 946 at 233: Trial Tr.]. As they were leaving, another male customer did not want to pay for his drinks. [Id. at 234]. Petitioner started arguing with this man, who then pushed Petitioner. [Id.]. They went outside where the man brandished a stick at Petitioner. [Id. at 235]. Petitioner got upset and said they were going to fight, but that he wanted to get something. Petitioner and Maradiaga left. [Id.]. Maradiaga got into the back of the car and fell asleep, waking when Petitioner was driving back to the house where they had been drinking. When Maradiaga woke up, there was a towel with a long weapon under it on the floor of the car. [Id. at 236]. As they approached the man they had the dispute with earlier, Petitioner told Maradiaga to grab the gun and shoot it. [Id. at 736-39]. The man and his male companion got into a car and tried to drive away. [Id. at 237-40]. Petitioner and Maradiaga caught up to their car and Maradiaga fired two shots at them on Petitioner's direction. [Id. at 240]. Petitioner told Maradiaga to shoot again, but when Maradiaga did not, Petitioner grabbed the gun and fired seven or eight shots at the men in their car. [Id. at 241]. Petitioner and Maradiaga then drove away. [Id. at 245].

The State of North Carolina filed charges against Petitioner relating to the June 30th shooting. In April 2014, Petitioner was convicted of assault with a deadly weapon with intent to kill inflicting serious injury and discharging a weapon into a moving vehicle by the state. He was sentenced to 55 to 78 months' imprisonment. [CR Doc. 1044 at ¶ 133: PSR]. A second charge of assault with a deadly weapon with intent to kill inflicting serious injury was dismissed. [Id.].

A year later a federal grand jury indicted Petitioner and three dozen other MS-13 members. [CR Doc. 3: Bill of Indictment]. Petitioner was charged with one count of RICO (Racketeer Influenced Corrupt Organization) conspiracy in violation of 18 U.S.C. § 1962(d) (Count One); one count of aiding and abetting attempted murder in aid of racketeering in violation of 18 U.S.C. §

1959(a)(5) and 2 (violent crime in aid of racketeering (VICAR)) (Count Ten); and one count of using, brandishing, and discharging of a firearm during and in relation to a crime of violence, that is, the attempted murder in aid of racketeering charged in Count Ten, in violation of 18 U.S.C. § 924(c) and 2 (Count Eleven). [Id. at 3-32, 41-42].

Together with only three of thirty-six co-defendants, Petitioner proceeded to a jury trial on all three counts after pleading not guilty. Zelaya, 908 F.3d at 925. The jury convicted Petitioner on all counts. [CR Doc. 826: Jury Verdict]. Petitioner was sentenced to a total term of imprisonment of 327 months. [CR Doc. 1104 at: Judgment]. Petitioner appealed. [CR Doc. 1108]. He challenged, among other things, the sufficiency of the evidence on the "general purpose" element of a VICAR offense.[2] Zelaya, 908 F.3d at 926-27 (citing Fiel, 35 F.3d at 1003). The Fourth Circuit affirmed. It found that there was sufficient evidence to support Petitioner's VICAR conviction, citing "the combination of the shooting's nature as grossly disproportionate retaliation to a public slight and [Petitioner's] after-the-fact engagement of a fellow MS-13 member to help him manage the consequences of the crime" as "sufficient to permit the jury to infer a gang-related motive." Id. at 928-31. The Supreme Court denied Petitioner's pro se petition for writ of certiorari. Sosa v. United States, 139 S. Ct. 1581 (2019).

On March 17, 2020, Petitioner a motion to vacate under 28 U.S.C. § 2255, asserting four claims of ineffective assistance of trial counsel. [CV Doc. 1]. Petitioner claimed he received ineffective assistance of counsel because (1) his attorney failed to argue that the predicate crime of violence for Count Eleven was Count One, RICO conspiracy, which is not a crime of violence

---

[2] To establish a VICAR offense, the Government must prove beyond a reasonable doubt: "(1) that the organization was a RICO enterprise, (2) that the enterprise was engaged in racketeering activity as defined in RICO, (3) that the defendant in question had a position in the enterprise, (4) that the defendant committed the alleged crime of violence, and (5) that his general purpose in so doing was to maintain or increase his position in the enterprise." United States v. Fiel, 35 F.3d 997, 1003 (4th Cir. 1994) (citation omitted).

3

for § 924(c) purposes; (2) his attorney failed to challenge the sufficiency of Count Ten of the Indictment; (3) his attorney failed to address that a violent crime committed by a gang member is not automatically gang-related for VICAR purposes; and (4) his attorney failed to assert a claim of vindictive prosecution. [Id. at 4-5, 7-8]. The Government responded to Petitioner's motion as ordered. [CV Docs. 2, 3]. Petitioner replied, attaching exhibits from the state investigation and prosecution that he contends support the fact that Maradiaga alone was the shooter and that Petitioner drove the vehicle, only. [CV Docs. 4, 4-1]. The Court denied and dismissed Petitioner's motion to vacate on the merits. [CV Doc. 5].

Petitioner timely filed the pending motion under Rule 59(e) of the Federal Rules of Civil Procedure. [CV Doc. 8]. In his Rule 59 motion, Petitioner points to the exhibits he included with his reply brief, arguing they are "new evidence that was not presented at trial because of petitioner's trial counsel being ineffective." [Id. at 2]. Petitioner claims this evidence establishes his role as the driver of the vehicle in the VICAR offense, not the shooter. [Id.]. Petitioner again claims that his "[t]rial counsel was ineffective in not presenting this evidence at trial because this evidence presents a serious question of law as to petitioner's conviction for VICAR."[3] [Id.]. Petitioner states, "[t]he question now is – can petitioner's liability under VICAR be attached by virtue of Aiding and Abetting – 18 U.S.C. Section 2, when the other person involved in the shooting (Maradiaga) is not an MS-13 member?" [Id.].

Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

---

[3] Petitioner's characterization of his counsel's performance at trial is, nonetheless, incorrect. As previously addressed by the Court, Petitioner's counsel sought to elicit testimony supporting Petitioner's role as the driver, not the shooter, and to undermine the "purpose" element of a VICAR offense. And, in closing arguments, Petitioner's counsel argued that the evidence showed that Petitioner was not the shooter and that there was no evidence of general purpose "to maintain or increase his position in the organization" in committing the VICAR and § 924(c) offenses. [CV Doc. 5 at 5-6].

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Section 2255 Motion. In fact, Petitioner points to the same evidence he presented to the Court in aid of his Section 2255 Motion, which the Court found unpersuasive. Nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. The Court, therefore, will deny Plaintiff's motion.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration [Doc. 8] is **DENIED**.

Signed: May 24, 2021

Robert J. Conrad, Jr.
United States District Judge